## Gahren, Dodge & Maltby, et al. v. Parkersburg National Bank.

(Decided November 6, 1913).

### Appeal from Lee Circuit Court.

1. Costs—Bond for—When Motion to Require Comes Too Late—Appeal.—A motion that the appellant be required to execute bond for cost comes too late after the submission of the appeal on the merits.

2. Costs—Bond for.—Where one of the appellants is a resident of this State, and another is a non-resident, the latter cannot be required to give bond for cost.

T. B. BLAKEY, V. S. BEATTY for appellants.

BURNAM & BURNAM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Overruling motion.

The briefs for both the parties on the merits having been filed, this appeal was regularly submitted on the call of the docket on September 26, 1913. Pending the submission, appellee has entered a motion that appellant, Gahren, Dodge & Maltby be required to execute bond for cost; this motion having been entered on October 28, 1913.

The judgment of this court relates to the date of the submission, and after the submission of the appeal on the merits, no dilatory plea can be entertained. We have often held that a motion to dismiss the appeal for informality or because it was not taken in time, cannot be heard unless made before submission. The same rule must of necessity apply to a motion for bond for cost. Wheelin v. Kirtley, Hardin 540.

In addition to this, one of the appellants is a resident of the State, and has the right to prosecute the appeal without executing a bond for cost. The rule is that a bond for cost will not be required where one of the appellants is a resident of the State, and another is a nonresident; the reason being that the resident has the right to prosecute his appeal and to join such parties as co-appellants as may be proper, and if he could not do this, confusion and injustice to him might result. The statute only applies where a bond for costs may be required of all the appellants properly joined as such.

Motion overruled.